Mr. Barry Emigh 1104 Seventh Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2001-010, 2000-340, -326, -314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME PAYMENT OF CANVASSERS, SPONSOR AND PUBLIC EDUCATION TEACHERS FROM STATE GENERAL FUND AND EXEMPTING PUBLIC EDUCATION TEACHER EARNINGS EARNED FROM A PUBLICLY FUNDED INSTITUTE OF EDUCATION FROM THE STATE INCOME TAX AND EXEMPTING FOOD ITEMS FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX
 BALLOT TITLE AMENDMENT TO EXEMPT FOOD ITEMS FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX AFTER THE FIRST TUESDAY OF MARCH, 2003; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSIONS AS NOTED HEREIN; REQUIRING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DISTRIBUTE TWELVE MILLION DOLLARS FROM THE STATE GENERAL FUND WITHOUT APPROPRIATION REQUIREMENT BY THE GENERAL ASSEMBLY TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT WITH EACH CANVASSER BEING PAID WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF APRIL, 2003, FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS A VALID SIGNATURE BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT; PROVIDING NO PAYMENT SHALL BE MADE FROM THE STATE GENERAL FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO A CANVASSER FOR THEIR SIGNATURE ON A PETITION AS A PETITIONER WITH THEIR SIGNATURE AS A CANVASSER; REQUIRING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DISTRIBUTE THREE MILLION DOLLARS FROM THE STATE GENERAL FUND WITHOUT APPROPRIATION REQUIREMENT BY THE GENERAL ASSEMBLY WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF APRIL, 2003, TO BARRY LEE EMIGH BEING THE SPONSOR AND AUTHOR OF THIS AMENDMENT; REQUIRING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DISTRIBUTE SIXTY FOUR MILLION DOLLARS FROM THE STATE GENERAL FUND WITHOUT APPROPRIATION REQUIREMENT BY THE GENERAL ASSEMBLY TO BE DIVIDED BY THE TOTAL NUMBER OF ALL TEACHERS EMPLOYED AT ANY TIME DURING THE YEAR OF 2002 BY ANY, AND ALL, PUBLICLY FUNDED INSTITUTES OF EDUCATION WITHIN THE STATE TO INCLUDE, BUT NOT LIMITED TO, K THRU 12TH GRADES, UNIVERISTIES [SIC], COLLEGES AND COMMUNITY COLLEGES WITH EACH TEACHER BEING PAID AN EQUAL PAYMENT WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF APRIL, 2003; EXEMPTING ANY PAYMENT FROM THE STATE GENERAL FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION PAID TO ANY TEACHER, CANVASSER AND THE SPONSOR OF THIS AMENDMENT FROM THE STATE TAX ON INCOME; EMPOWERING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DEDUCT THE REASONABLE COSTS AND EXPENSES TO DISTRIBUTE THE FUNDS TO THOSE CANVASSERS OF THIS AMENDMENT FROM THE AMOUNT PAID FROM THE STATE GENERAL FUND TO THOSE CANVASSERS; EMPOWERING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DEDUCT THE REASONABLE COSTS AND EXPENSES TO DISTRIBUTE THE FUNDS TO THE SPONSOR OF THIS AMENDMENT FROM THE AMOUNT PAID FROM THE STATE GENERAL FUND TO THE SPONSOR; EMPOWERING THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO DEDUCT THE REASONABLE COSTS AND EXPENSES TO DISTRIBUTE THE FUNDS TO THOSE TEACHERS OF THIS AMENDMENT FROM THE AMOUNT PAID FROM THE STATE GENERAL FUND TO THOSE TEACHERS; IMMEDIATELY UPON PASSAGE OF THIS AMENDMENT ALL TEACHERS EMPLOYED BY ANY PUBLICLY FUNDED INSTITUTE OF EDUCATION SHALL HAVE THAT AMOUNT OF EARNINGS PAID TO A TEACHER BY A PUBLICLY FUNDED INSTITUTE OF EDUCATION EXEMPT FROM THE STATE'S TAX ON EARNED INCOME; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON FOOD ITEMS INCLUDE IN THE "ARKANSAS SOFT DRINK TAX ACT" AS AUTHORIZED AND DEFINED UNDER A.C.A. SECTION 26-57-901 ET SEQ.; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON FOOD ITEMS EXCLUDED FROM THE" ARKANSAS SOFT DRINK TAX ACT" AFTER VOTER APPROVAL OF THIS AMENDMENT; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
I regret that I must again reject your proposed popular name and ballot title.
I am rejecting your petition on the basis of certain concerns that arise out of the Arkansas Supreme Court's decision in Kurrus v. Priest,
342 Ark. ___, ___ S.W.3d ___ (October 24, 2000). In that case, the Arkansas Supreme Court reviewed and considered the validity of a popular name and ballot title for a proposed measure that would have, among other things, abolished certain taxes. In the portion of the court's decision that I find to be pertinent to your proposed measure, the court held that the popular name and ballot title were misleading because they failed to identify sufficiently the precise taxes that were to be abolished, and because they failed to alert voters to the fact that the revenues generated by these taxes would not be immediately replaced. The court also held that the measure itself violated the constitutional provisions that prohibit the impairment of contracts (see U.S. Const., Art. 1, § 10
and Ark. Const, Art. 2, § 17), because it did not provide a sufficient means of replacing the revenues that had secured certain municipal bonds.
I find that your measure could be deemed to suffer from the same infirmities that plagued the measure in Kurrus v. Priest. More specifically, your measure provides broadly that food items (as defined therein) are to be exempt from "the state and local gross receipt sales tax." The measure does not identify specifically, by statutory source, the particular state and local taxes that are to be affected by the exemption, nor does it identify the particular governmental entities that will lose revenue as a result of this exemption. It also does not mention that the revenues previously generated by the tax on food items will not be replaced. In Kurrus, the court held that this type of omission was problematic in that voters were not alerted to the fact that they could lose governmental services that were paid for by the lost revenue. In addition to these problems, if any of the affected governmental entities had depended upon these revenues to secure bonds, the measure may violate the constitutional provisions noted above. One further concern that does not arise out of Kurrus is the fact that the measure's exemption of teachers' income from the state income tax could raise other constitutional problems.
Because of these concerns about your proposed measure, I must, on the authority of Kurrus v. Priest, reject your popular name and ballot title.
If you are aggrieved at my rejection of your petition, you have the right to apply by petition to the Arkansas Supreme Court for proper relief.See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General